# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **A.U., a minor, by her parents and next friends,** <br> Pamela and Taalib-Din Uqdah, <br> 1373 Jefferson St., N.W. <br> Washington, D.C. 20011, <br><br> *PLAINTIFFS* <br>     v. <br><br> **DISTRICT OF COLUMBIA** <br> A Municipal Corporation, <br> One Judiciary Square <br> 441 Fourth Street, NW <br> Washington, DC  20001 <br><br>  and <br><br> **Lewis Ferebee,** in his official capacity as Chancellor, <br> **DISTRICT OF COLUMBIA PUBLIC SCHOOLS** <br> 1200 First Street, NE <br> Washington, DC  20002, <br><br> and <br><br> **Honorable Muriel Bowser,** <br> in her official capacity as <br> **Mayor** <br> District of Columbia <br> John A. Wilson Building <br> 1350 Pennsylvania Avenue, NW, <br> Washington, D.C. 20004, <br><br> and <br><br> **Hansuel Kang**, in her official capacity as <br> **Superintendent** <br> Office of the State Superintendent of Education (OSSE) for the District of Columbia <br> 1050 First Street, NE <br> Washington, DC  20002 <br><br> *DEFENDANTS* | **Civil Action No. _____** |

1

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Preliminary Statement**

This is an action for injunctive and compensatory relief filed under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400-1487, Section 504 of the Rehabilitation Act, 29 U.S.C. 794 (Section 504), and Title II of the Americans With Disabilities Act 42 U.S.C. 12132 (ADA), on behalf of PLAINTIFF A.U., a minor child with multiple disabilities enrolled in the District of Columbia Public Schools ("DCPS").  A.U. has a significant, life-long medical condition that requires that she receive her academic instruction in a homebound setting. For several years running, DCPS has continuously delayed providing special education services to A.U. until after the fall semester is well underway, even though she had an approved Individual Educational Plan (IEP) for each school year.  During the same time period, DCPS provided educational services for students without disabilities on the first day of school each year.  This ongoing failure to satisfy the IDEA, Section 504 and the ADA has occurred despite the fact that the District of Columbia's Office of the State Superintendent (OSSE) has found on several occasions that DCPS improperly failed to provide IEP-required educational services to A.U. at the start of the school year.  Although OSSE has directed DCPS to begin services for homebound students, including A.U., at the beginning of each school year, DCPS' unreasonable delay in providing services in a timely manner has continued.  This significant delay has required A.U.'s parents to purchase educational services to educate A.U. until public school services begin.  The District of Columbia has erroneously and illegally refused to reimburse A.U.'s parents for the cost of the professionals they have retained to teach A.U., in violation of the IDEA and well-established federal case law.

## Jurisdiction

1. This Court has jurisdiction over the matter pursuant to the IDEA, 20 U.S.C. § 1415, 42 U.S.C. §1983, Section 504 of the Rehabilitation Act, 29 U.S.C. 794 (Section 504), Title II of the Americans with Disabilities Act 42 U.S.C. 12132 (ADA), and 28 U.S.C. §§ 1331 and 1343.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## Parties

2. A.U. is a child with multiple disabilities, as defined by the IDEA, and therefore eligible to receive special education and related services.  At all times relevant to this action, A.U. and her parents, Pamela and Taalib-Din Uqdah, have resided in the District of Columbia.  A.U.'s parents bring this action on their daughter's behalf and in their own right.

3. The Honorable Muriel Bowser is the Mayor of the District of Columbia.  Lewis Ferebee is the Chancellor of District of Columbia Public Schools.  They are being sued in their professional capacity.

4. The District of Columbia is a municipal corporation that receives federal financial assistance in exchange for implementing the IDEA.

5. Hansuel Kang is the Superintendent of OSSE, the Office of the State Superintendent of Education for the District of Columbia.  She is being sued in her official capacity.

6. OSSE is the State Education Agency (SEA) under IDEA and is charged with failing to ensure that DCPS (the Local Education Agency or "LEA") satisfies its IDEA obligations to provide FAPE to eligible students who reside in the jurisdiction.

7. DCPS and OSSE are both recipients of federal financial assistance in their respective roles as LEA and SEA.

**Factual Allegations**

8. A.U. was born on November 17, 2003.  She is now 16 years old and lives with her parents. She was born with Trisomy 13, a rare genetic disorder typically associated with heart defects, medical problems, decreased muscle tone, feeding difficulties, gastroesophageal reflux, slow growth, apnea, seizures, and vision, hearing and mobility impairments.

9. DCPS initially determined that A.U. was eligible for special education and related services pursuant to the IDEA in November of 2006.

10. Throughout the past 13 years, A.U.'s parents have needed to file for multiple administrative due process hearings and state complaints, repeatedly seeking to rectify DCPS' continuous violations of A.U.'s right to a free, appropriate public education ("FAPE").  By way of example:

    a. On July 14, 2008, a Hearing Officer held that the DCPS had violated the IDEA when it proposed an IEP that placed A.U. in a public school classroom located on the second floor of a building with an elevator in disrepair, and where DCPS indicated that the emergency exit plan would be to find someone to carry her out of the building, as she was non-ambulatory at that time.  Eventually, DCPS determined that A.U. required home-bound instruction, which the agency then failed to provide and was responsible to fund almost 1500 hours of compensatory education;

    b. A.U's parents filed a complaint with OSSE on August 30, 2011, alleging that DCPS failed to provide A.U. with special education services at the beginning of 2011-2012 school year. In response, OSSE issued a decision letter on October 28, 2011.  OSSE agreed with A.U. and her parents and noted in the written decision that there was confusion among DCPS personnel regarding which office was responsible for

providing services to homebound students. Moreover, OSSE found that DCPS did not have procedures in place to coordinate and begin services to homebound students like A.U;

c. A.U.'s parents filed another complaint with OSSE on August 23, 2012, again complaining about missed services. OSSE found in favor of A.U. and her parents and reminded DCPS that the IDEA required "public agencies to have IEPs in effect for each student with a disability at the beginning of the school year." Additionally, OSSE found that its prior Order regarding the process for homebound services be streamlined so services were available at the start of the school year had not been successfully implemented;

d. A.U.'s parents filed a due process complaint on October 7, 2015, alleging, among other claims, that educational services for the 2015-2016 had never begun. The case was eventually settled on November 23, 2015, with DCPS agreeing to immediately provide interim services;

e. A.U.'s parents filed a state complaint with OSSE on August 18 and August 30, 2017, complaining, among other things, about the lack of services for A.U. OSSE issued its letter decision on October 17, 2017. It found that DCPS had not provided services to A.U. since the start of the school year. OSSE also found that DCPS had kept inaccurate data on A.U., causing confusion on required services for her. The failure to consistently implement A.U.'s IEP during the 2017-18 school year caused her educational harm and denied her a FAPE. DCPS did not provide educational services for A.U. for the 2017-2018 school year until December 11, 2017.

11. DCPS did not provide educational services for A.U. for the 2016-2017 school year until January 9, 2017. Although a Letter of Authorization for independent compensatory education services was provided, the parents have not been able to secure services and/or reimbursement for the full scope of services that DCPS failed to implement.

12. DCPS did not provide educational services for A.U. for the 2017-2018 school year until December 11, 2017, again failing to initiate services on the first day of school consistent with non-disabled students.

13. DCPS did not provide educational services for A.U. for the 2018-2019 school year until well into October 2018, again failing to initiate services on the first day of school consistent with non-disabled students.

14. In every school year since the 2007-2008 school year, DCPS has proposed an Individualized Education Plan ("IEP") that mandates that A.U. receive her special education instruction and related services in a homebound program.

15. Despite the various due process decisions and state complaints scolding DCPS for its repeated failure to provide special education services to A.U. in a timely manner, as well as actual knowledge of A.U.'s need for home based instruction dating back more than 10 years, the 2018-19 school year began without services in place for A.U.  Throughout the 2018-19 school year, DCPS repeatedly failed to implement A.U.'s IEP while declining to reimburse her parents for the cost of the qualified, private providers that the family hired in order to ensure that A.U. received an appropriate education. The failure to implement A.U.'s IEP during the 2018-19 school year caused her educational harm and denied her a FAPE.

16. DCPS did not begin to provide A.U. the IEP required services for A.U. for the 2019-2020 school year until well into October 2019. The failure to implement A.U.'s IEP during the entirety of her 2019-20 school year causes her educational harm and denies her a FAPE.

17. In each of the 13 school years since A.U. was designated as a child with a disability under IDEA, educational services for students without a disabilities have begun on time at the start of the school year.

18. Over the course of her educational time with DCPS, A.U. has accumulated over 1000 hours of compensatory education awarded by OSSE or agreed upon by DCPS**,** which has yet to be provided, funded or reimbursed by DCPS.

19. DCPS has refused to provide reimbursement for the beneficial educational services A.U.'s parents have been required to provide due to the lack of educational services provided by DCPS, claiming that a DCPS-approved licensure is a mandatory prerequisite for these payments.

**COUNT I**

(Failure to provide IDEA-required educational services at the beginning of the 2018-2019 and 2019-2020 school years)

20. PLAINTIFFS incorporate as though restated each of the factual allegations stated in paragraphs 1 through 19 above.

21. The failure to provide A.U. with special education pursuant to her IEP at the beginning of the 2017-2018, 2018-2019 and 2019-2020 school years, constitutes a denial of FAPE and violates the Individuals with Disabilities Act, 20 U.S.C. 1400 et seq., and its implementing regulations.

22. Exhaustion of A.U.'s claims regarding 2018-2019 and 2019-2020 school years through an administrative Due Process Hearing would be futile.  OSSE has issued numerous decisions addressing the complaints that A.U.'s parents have filed against DCPS regarding the continued failure to provide A.U. with IDEA-required services at the beginning of the school year.  In those decisions, OSSE has ordered DCPS, first in 2008 and continuing for years, to provide those services on the first day of school.  The violations of the IDEA are clear, but a Hearing Officer has no authority to order DCPS to comply with remedial orders.  DCPS continues to ignore OSSE's orders as it continues to fail to provide A.U. with educational services at the start of the school year, and so exhaustion would be futile.

## COUNT II

23. PLAINTIFFS incorporate as though restated each of the factual allegations stated in paragraphs 1 through 22 above.

24. DCPS has failed to provide, fund or reimburse the parents for compensatory education services OSSE has ordered it to provide, and has unlawfully refused reimbursement for educational services A.U.'s parents have paid for when DCPS failed to begin to provide A.U, services at the beginning of the 2018-2019 and 2019-2020 school year.  DCPS licensure is not legally required for reimbursement for proper educational services.  Exhaustion for these claims is futile, as explained in paragraph 22 herein.

## COUNT III

(Failure to provide A.U., a student with multiple disabilities, a full year of educational services while providing children without disabilities a full year of education.)

25. PLAINTIFFS incorporate as though restated each of the factual allegations stated in paragraphs 1 through 24 above.

26. DCPS delayed providing A.U., a student with multiple disabilities, with educational services until the school year was well underway during the 2018-2019 and 2019-2020 school years. DCPS began to provide educational services to students without a disability on the first day of the school year for both the 2018-2019 and 2019-202 school years.  Because of her disability, DCPS has provided A.U. significantly less educational time to which she was entitled by delaying the start of services until the school year was well underway, while there was no such delay for students without disabilities.

27. This disparity of the length of services based on disability violates Section 504, 29 U.S.C. 794, and Title II of the ADA, 42 U.S.C. 12132.

### COUNT IV

(Failure Provide Oversight/Enforcement by OSSE Systemically Violates Civil Rights)

28. PLAINTIFFS incorporate as though restated each of the factual allegations stated in paragraphs 1 through 27 above.

29. OSSE is the agency ultimately responsible for ensuring that IDEA is complied with in the District of Columbia. 20 U.S.C. 1412(a)(11).  "The State educational agency is responsible for ensuring that the requirements of this part [20 USCS §§ 1411 et seq.] are met; all educational programs for children with disabilities in the State, including all such programs administered by any other State agency or local agency are under the general supervision of individuals in the State who are responsible for educational programs for children with disabilities; and meet the educational standards of the State educational agency."   The federal regulations are equally clear regarding OSSE's duties. 34 CFR 300.149.  See also D.C. Code § 38-2601.01, establishing OSSE as the "State Education Agency" for purposes of IDEA.

30. The failure of OSSE to take steps to ensure that DCPS complies with OSSE's Orders effectively and systematically deprives parents of their right to prompt enforcement of the IDEA and its implementing regulations in the District of Columbia.

31. OSSE's failure to provide adequate oversight of DCPS compliance with OSSE Decisions creates a loophole that DCPS intentionally exploits for the purpose of denying parents of disabled children their full enjoyment of their rights under the IDEA.

**WHEREFORE**, PLAINTIFFS respectfully request that this Court:

1. Enter a Declaratory Judgment that DCPS violated the IDEA by failing to provide educational and related services to A.U. at the beginning of the 2017-18, 2018-2019 and 2019-2020 school years;

2. Order DCPS to provide IDEA-required homebound educational and related services to A.U. at the beginning of each school year;

3. Issue declaratory relief that DCPS violated the IDEA by refusing to reimburse A.U.'s parents for the cost of privately-acquired educational services based solely on the providers' lack of a DCPS-approved licensure;

4. Order DCPS to pay A.U.'s parents full reimbursement for all private services for which A.U.'s parents have submitted and will submit properly completed invoices, regardless of whether the private provider has a District of Columbia license;

5. Order OSSE to ensure that DCPS complies with any injunction this Court may order;

6. Order DCPS to provide or fund the compensatory education services OSSE has ordered DCPS to provide A.U. to date;

7. Enter an award of compensatory damages to address the pain and suffering of the parents due to DCPS's arbitrary failure to provide IDEA-required educational and related services to A.U. at the start of the 2018-2019 and 2019-2020 school years;

8. Enter an award of compensatory damages to address the pain and suffering of the parents for OSSE's failure to ensure that its orders that DCPS must provide IDEA-required educational and related services to homebound students, including A.U., were being implemented;

9. Enter an award of compensatory damages to address the pain and suffering of the parents due to DCPS's arbitrary and unlawful refusal to reimburse A.U.'s parents for educational services made necessary, and properly documented and submitted to DCPS, because of DCPS's failure to begin the 2018-2019 and 2019-2020 school years on time;

10. Order DEFENDANTS to pay PLAINTIFFS' reasonable attorneys' fees and costs, including the fees and costs of this action; and

11. Award any other relief that this Court deems just.

Respectfully submitted,

/s/
_____
Brian K. Gruber

**Law Office of Brian K. Gruber, P.C**
6110 Executive Boulevard, Suite #220
Rockville, Maryland  20852
Phone: (301) 657-3777
Facsimile: (301) 825-8956
Email: brian.gruber@bkgpc.com
Bar No:  459273

Federal court #25141

and,

/s/_____
Kimberly Glassman

**Law Office of Brian K. Gruber, P.C**
6110 Executive Boulevard, Suite #220
Rockville, Maryland  20852
Phone: (301) 657-3777
Facsimile: (301) 825-8956
Email: kimberly.glassman@bkgpc.com
Bar No:  483506



/s/_____
Mark Gross
*Of Counsel*
**Law Office of Brian K. Gruber, P.C**
6110 Executive Boulevard, Suite #220
Rockville, Maryland  20852
Phone: (301) 657-3777
Facsimile: (301) 825-8956
Email: Mark.Gross@bkgpc.com
Bar No:  183442


Counsel for PLAINTIFFS