UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.U., A MINOR BY HIS PARENTS<br>PAMELA AND TAALIB-DIN UQDAH<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  19-CV-3512 (TJK) (GMH)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Defendants District of Columbia, Muriel Bowser, Mayor of the District of Columbia, Lewis Ferebee, Chancellor of the District of Columbia Public Schools, and Hansuel Kang, Superintendent of the District of Columbia Office of the State Superintendent of Education, through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6), respectfully move the Court for an order dismissing the Complaint with prejudice. The grounds in support of Defendants' motion are more fully stated in the accompanying memorandum of points and authorities, pursuant to LCvR 7(a). A proposed order is also attached, pursuant to LCvR 7(c).

Date:   January 24, 2020        Respectfully submitted,

                                KARL A. RACINE
                                Attorney General for the District of Columbia

                                CHAD COPELAND
                                Deputy Attorney General
                                Civil Litigation Division

                                */s/ Christina Okereke*
                                CHRISTINA OKEREKE [219272]
                                Chief, Civil Litigation Division Section II

        */s/ Veronica A. Porter*
        VERONICA A. PORTER [412273]
        Assistant Attorney General
        441 Fourth Street, N.W.
        Suite 630 South
        Washington, D.C. 20001
        (202) 724-6651
        (202) 730-0644 (fax)
        veronica.porter@dc.gov

        *Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **A.U., A MINOR BY HIS PARENTS PAMELA AND TAALIB-DIN UQDAH**<br><br>Plaintiffs,<br><br>v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) **19-CV-3512 (TJK) (GMH)**<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

**INTRODUCTION**

Defendants District of Columbia (the District), Mayor Muriel Bowser, Lewis Ferebee, Chancellor of the D.C. Public Schools (DCPS), and Hansuel Kang, Superintendent of the D.C. Office of the State Superintendent of Education (OSSE) (collectively, "Defendants") submit this memorandum of points and authorities in support of their motion to dismiss the Complaint. Plaintiffs A.U. and her parents Pamela and Taalib-Din Uqdah sue Defendants under the Individuals with Disabilities Education Act (IDEA), Section 504 of the Rehabilitation Act, and Title II of the Americans with Disabilities Act (ADA). Plaintiffs allege that DCPS denied A.U. a free appropriate public education (FAPE) when it delayed its provision of services to her in a homebound setting at the beginning of the 2018-2019 and 2019-2020 school years. Plaintiffs seek declaratory relief, injunctive relief, compensatory damages, and attorney's fees and costs.

Defendants move to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). As demonstrated below, the Court should grant

Defendants' motion and dismiss the Complaint with prejudice for these reasons:  (1) Plaintiffs' official capacity claims against Mayor Bowser, Chancellor Ferebee, and Superintendent Kang should be dismissed as redundant because the District is also a named defendant, and further, Superintendent Kang has not been properly served with the summons and complaint and thus is entitled to dismissal under Fed. R. Civ. P. 12(b)(5); (2) Counts I and II of the Complaint should be dismissed because Plaintiffs failed to exhaust their administrative remedies as required by the IDEA, *see* 20 U.S.C. § 1415, and do not to establish that exhaustion is futile or inadequate; (3) Count III of the Complaint should be dismissed because Plaintiffs failed to exhaust their administrative remedies on their claims brought under Section 504 and the ADA, and further, do not allege sufficient facts to support these claims; and (5) Count IV of the Complaint should be dismissed because Plaintiffs do not state a claim for relief as to their contention that OSSE failed to provide proper oversight of DCPS and did not administratively exhaust any such claim.

## FACTS

A.U. is a 16-year-old girl who must be home-schooled because of her serious medical problems.  Compl. [1], Preliminary Statement & ¶ 8.  A.U. was determined eligible for special education and related services in November 2006.  *Id.* ¶ 9.

In October 2015, Plaintiffs filed an administrative due process complaint alleging that A.U.'s education services for the 2015-2016 school year had not begun.  *Id.* ¶ 10(d).  Plaintiffs and DCPS settled that case in November 2015.  *Id.*  In August 2017, Plaintiffs filed a state complaint with OSSE alleging that DCPS did not provide services to A.U.  *Id.* ¶ 10(e).  In an October 17, 2017 Letter of Decision, OSSE concluded that DCPS had not provided services to A.U. since the beginning of the 2017-2018 school year.  *Id.*

Plaintiffs further allege that DCPS failed to implement A.U.'s Individualized Education Program (IEP) during the 2018-2019 school year by failing to provide A.U. with services until October 2018 and did not reimburse Plaintiffs for the private providers they hired for A.U. while they were waiting for DCPS to provide services.  *Id.* ¶¶ 13, 15.  Plaintiffs also allege that DCPS failed to implement A.U.'s IEP during the 2019-2020 school year by not providing services until October 2019.  *Id.* ¶ 16.  Plaintiffs never filed an administrative due process complaint about the alleged FAPE denials in the 2018-2019 and 2019-2020 school years.  *See* Compl. ¶ 22.

## STANDARD OF REVIEW

The Supreme Court stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ivey v. Fenty*, 789 F. Supp. 2d 65, 67-68 (D.D.C. 2011). The allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56; *see also Campbell v. District of Columbia*, 972 F. Supp. 2d 38, 44 (D.D.C. 2013).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678; *accord Payne v. District of Columbia*, 741 F. Supp. 2d 196, 207 (D.D.C. 2010).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  This facial plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops

short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted)).

Although the allegations in the complaint must be taken as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration marks omitted).

Fed. R. Civ. P. 12(b)(1) provides that a case may dismissed for lack of subject-matter jurisdiction.

> "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citation omitted). Hence, "[o]n a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." *Adams v. U.S. Capitol Police Bd.,* 564 F.Supp.2d 37, 39–40 (D.D.C.2008). And "[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim," a court "must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim."
>
> If "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *accord* Fed.R.Civ.P. 12(h)(3).

*Gammill v. U.S. Dep't of Educ.*, 989 F. Supp. 2d 118, 121 (D.D.C. 2013).

4

Fed. R. Civ. P. 12(b)(5) provides that a complaint may be dismissed for insufficient service or process. Under these standard, the Complaint should be dismissed.

## ARGUMENT

### I. Plaintiffs' Claims Against Mayor Bowser, DCPS Chancellor Ferebee, and OSSE Superintendent Kang Should Be Dismissed.

#### A. Plaintiffs' Claims Against Mayor Bowser, DCPS Chancellor Ferebee, and OSSE Superintendent Kang Are Redundant of Plaintiffs' Claims Against the District.

Plaintiffs sue Mayor Bowser, Chancellor Ferebee, and Superintendent Kang in their official capacities only. *See* Compl. ¶ 3 (noting that the Mayor and Chancellor "are being sued in their professional capacity"); *id.* ¶ 5 (alleging that Superintendent Kang "is being sued in her official capacity"). Plaintiffs' claims against these defendants in their official capacities are redundant of Plaintiffs' identical claims against the District. Accordingly, the Court should dismiss all claims against Mayor Bowser, Chancellor Ferebee, and Superintendent Kang.

The U.S. Court of Appeals for the D.C. Circuit has long held that suit against a District employee in his official capacity is merely a suit against the District itself. *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. 1996); *see also Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Courts in the District of Columbia have routinely dismissed claims against District government officials named in their official capacities as "redundant and an inefficient use of judicial resources." *Robinson v. District of Columbia*, 403 F. Supp. 2d 39, 49 (D.D.C. 2005); *see also Jenkins v. Jackson*, 538 F. Supp. 2d 31, 33-34 (D.D.C. 2008). As the Supreme Court explained in *Kentucky v. Graham*, 473 U.S. 159, 167 (1985), "[t]here is no longer a need to bring official-capacity actions against local government officials, for under [*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)], local government units can be sued directly for damages and injunctive or declaratory relief."

5

Here, the District is a defendant. Therefore, Plaintiffs' official capacity claims against Mayor Bowser, Chancellor Ferebee, and Superintendent Kang are redundant. Thus, the Court should dismiss all claims against these defendants.

### B. Plaintiffs' Claims Against Superintendent Kang Should Also Be Dismissed Because She Was Not Properly Served with the Summons and Complaint.

Federal Civil Rule of Procedure 4(j)(2) provides "a state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by (A) delivering a copy of the summons and of the complaint to its chief executive officer or (B) serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). The applicable District of Columbia rule provides: "To serve a District of Columbia officer or employee sued in an individual capacity . . . . a party must serve the District of Columbia and also serve the officer or employee under Rule 4(e), (f) or (g)." Sup. Ct. Civ. R. 4(j)(3)(E). Rule 4 further provides: "Any defendant described in Rule 4(e), (f), (h) (i), (j)(1) or (j)(3) may be served by mailing a copy of the summons, complaint . . . . . by registered or certified mail, return receipt requested."

In *Doggett v. Gonzales*, No. 06-CV-0575 (RBW), 2007 WL 2893405, at *3 (D.D.C. Sept. 29, 2007), the court dismissed claims against defendants sued in their official capacities:

> Service by mail is a permissible means by which to effect personal service on defendants in the manner specified by the District of Columbia Code. Fed.R.Civ.P. 4(e)(1). Thus, the fact that the summonses and complaints were mailed to the defendants, whether to their residence or office addresses, does not constitute personal service unless achieved in the manner prescribed by District of Columbia law. If service is not properly made, the court has no jurisdiction to render a personal judgment against a defendant.

2007 WL 2893405, at *3 (internal citations omitted). Based on information and belief, Defendant Kang received her summons and complaint via regular mail, rather than registered or

6

certified mail. Accordingly, all claims against Defendant Kang should be dismissed for improper service, pursuant to Fed. R. Civ. P. 12(b)(5).

**II.     Counts I and II of the Complaint Should Be Dismissed Because Plaintiffs Failed to Exhaust Their Administrative Remedies Under the IDEA.**

The Court should dismiss Counts I and II of the Complaint because Plaintiffs failed to challenge the implementation of A.U.'s IEP at the beginning of the 2017-2018, 2018-2019, and 2019-2020 school years in an administrative proceeding before raising that issue in this Court in the first instance, violating the IDEA's exhaustion requirement.

Under 20 U.S.C. § 1415, any party shall have an opportunity to present a complaint and request a hearing before a hearing officer, "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child[.]" 20 U.S.C. § 1415(b)(6)(A). And under 20 U.S.C. § 1415(i)(2)(A), a party aggrieved by the findings and decisions of a hearing officer may bring a civil action challenging the decision in a district court. *See* 20 U.S.C. §1415(i)(2)(A). Courts have repeatedly held that the failure to exhaust administrative remedies precludes the exercise of jurisdiction over of an IDEA claim. *See, e.g.*, *Q.C-C. v. District of Columbia*, 164 F. Supp. 3d 35, 45 (D.D.C. 2016) ("[A] party must pursue all administrative avenues of redress" under the IDEA before seeking judicial review.) (quoting *Cox v. Jenkins*, 878 F.2d 414, 419 (D.C.Cir.1989)); *Pinto v. District of Columbia*, 69 F. Supp. 3d 275, 284 (D.D.C. 2014) ("A district court has no subject matter jurisdiction with respect to a claim that has not first been pursued through administrative proceedings.") (quoting *Douglass v. District of Columbia*, 750 F. Supp. 2d 54, 60 (D.D.C. 2010)); *Thomas v. Dist. of Columbia*, 773 F. Supp. 2d 15, 18 (D.D.C. 2011) ("A court . . . does not have subject matter jurisdiction over an IDEA claim that has not first been pursued through administrative channels."); *Alston v. District of Columbia*, 2010 WL

7

11667917 at *4 (D.D.C. March 30, 2010) ("The administrative process set forth by the IDEA is not 'an optional stop on the way to the court.'") (quoting *Andersen ex rel. Andersen v. District of Columbia*, 877 F.2d 1018, 1025 (D.C. Cir. 1989)).

Here, Plaintiffs concede that they failed to bring a due process complaint raising the issues they now raise in this Court. Plaintiffs should not be permitted to circumvent the prerequisite of a due process hearing. Because Plaintiffs failed to bring their claims at the administrative level, this Court cannot consider them. Accordingly, having no jurisdiction, this Court should dismiss Counts I and II of the Complaint.

Plaintiffs contend that exhaustion of their claims for the 2018-2019 and 2019-2020 school years would be futile because OSSE has issued letters of decision in the past, DCPS's "violations of the IDEA are clear," and a hearing officer "has no authority to order DCPS to comply with remedial orders." Compl. ¶¶ 22, 24. Plaintiffs fail to demonstrate that exhaustion would be futile or inadequate.

A litigant "may bypass the [IDEA's] administrative process where exhaustion would be futile or inadequate." *Douglass*, 750 F. Supp. 2d at 60 (citing *Honig v. Doe,* 484 U.S. 305, 326-27 (1988)). In this Circuit, the exceptions for futility and inadequacy are narrowly construed, as the exhaustion requirement "may be waived only in the most exceptional circumstances." *Id.* at 61 (citing *Commc'ns Workers of Am. v. AT & T,* 40 F.3d 426, 432 (D.C. Cir. 1994). And plaintiff bears the burden of proving such extraordinary circumstances. *Id.* (citing *Honig*, 484 U.S. at 326-27; *Cox*, 878 F.2d at 419). To meet the futility exception, administrative remedies "must appear 'clearly useless,' either because the agency . . . has indicated that it does not have jurisdiction over the dispute, or because it has evidenced a strong stand on the issue in question and an unwillingness to reconsider the issue." *Randolph-Sheppard Vendors of Am. v.*

*Weinberger*, 795 F.2d 90, 105-06 (D.C. Cir. 1986).  To meet the inadequacy exception, a party must show either that "the agency has expressed a willingness to act, but the relief it will provide through its action will not be sufficient to right the wrong," or that "irreparable injury would result unless immediate judicial review is permitted."  *Id.* at 107.

      Here, Plaintiffs have failed to show that exhaustion would be futile or inadequate.  First, after Plaintiffs filed their sole due process complaint in October 2015, the parties settled the case and DCPS immediately began providing services to A.U.  *See* Compl. ¶ 10(d).  DCPS's action in response to the *only* due process complaint Plaintiffs have filed does not show that DCPS has taken a "strong stand" or has demonstrated an "unwillingness to reconsider the issue."  *Weinberger*, 795 F.2d at 105-06.  Second, there is no evidence that any relief a hearing officer could have ordered for a denial of a FAPE would not have been "sufficient to right the wrong."  *Id.* at 107.  Had Plaintiff filed a due process complaint during the 2018-2019 or 2019-2020 school year, a hearing officer could have ordered DCPS to provide compensatory education for the services allegedly missed during the first two months of the school year and could have addressed any reimbursement claims concerning the providers Plaintiffs hired to ensure A.U. received educational services.  Thus, Plaintiffs' assertion that a hearing officer "has no authority to order DCPS to comply with remedial orders," Compl. ¶ 22, is meaningless.  Finally, four school years have passed since Plaintiffs filed their only administrative due process hearing in October 2015 and two school years have passed since Plaintiffs filed their state complaint with OSSE in August 2017.  Thus, any argument that Plaintiffs will suffer an "irreparable injury," *Weinberger*, 795 F.2d at 107, unless immediate judicial review is permitted is meritless.  Indeed, Plaintiffs have not even alleged they would suffer irreparable harm if this Court rejects their

request for immediate judicial review.  *See* Compl.  Accordingly, this Court should dismiss Counts I and II because Plaintiffs failed to exhaust administrative remedies.

The exhaustion requirement serves several purposes:  "it prevents courts from interrupting the administrative process permanently; it allows the agency to apply its specialized expertise to the problem; it gives the agency an opportunity to correct its own errors; it ensures that there will be a complete factual record for the court to review; and it prevents the parties from undermining the agency by deliberately flouting the administrative process."  *Cox*, 878 F.2d at 419.  "A court, therefore, does not have subject matter jurisdiction over an IDEA claim that has not first been pursued through administrative channels."  *Thomas*, 773 F. Supp. 2d at 18.  Plaintiffs should not be allowed to evade the IDEA's exhaustion requirements.  Indeed, Plaintiffs have not filed any due process complaint for over four years.  Plaintiffs' failure to exhaust their administrative remedies deprives this Court of jurisdiction, and therefore, the Court should dismiss Counts I and II of the Complaint.

### III.     Count III of the Complaint Should Be Dismissed Because Plaintiffs Failed to Exhaust Their Administrative Remedies and Fail to Allege Sufficient Facts to Support Their Section 504 and ADA Claims.

#### A.     Plaintiffs Failed to Exhaust Their Section 504 and ADA Claims.

The IDEA imposes an exhaustion requirement upon all education related claims brought under Section 504 and the ADA.  As stated in the IDEA:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act or Title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l).  Accordingly, it is well settled that Section 504 and ADA claims brought by

10

students and their parents are subject to the exhaustion requirement of § 1415(l).  *See Alston*, 2010 WL 11667917 at *5 (the IDEA "require[s] plaintiffs to exhaust their administrative remedies before bringing claims under [Section 504 and the ADA] if the relief sought 'is also available under the IDEA.'") (quoting 20 U.S.C. § 1415(l)) (brackets omitted).

Here, Plaintiffs were required to exhaust their administrative remedies before bringing their claims in this action for violations of Section 504 and the ADA for alleged denials of FAPE in 2018-2019 and 2019-2020 school years.  Plaintiffs concede that they have not filed an administrative due process complaint since 2015.  *See* Compl. ¶ 10(d).  Thus, because Plaintiffs' claims have never been the subject of an IDEA administrative proceeding, the Court should dismiss Plaintiff's Section 504 and ADA claims for failure to exhaust administrative remedies.  *See Alston*, 2010 WL 11667917 at *5-7 (holding that exhaustion is required before bringing Section 504 and ADA claims premised on FAPE denials).

      **B.**    **Plaintiffs Fail to Allege Sufficient Facts to Support Their Section 504 and ADA Claims.**

Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, *solely* by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a) (emphasis added).  The statute further defines "program or activity" to include "all the operations of . . . a local educational agency."  *Id.* § 794(b)(2)(B); *see also* 34 C.F.R. §§ 104.32, 104.33, 104.35.  The ADA prohibits public entities from excluding qualified individuals with disabilities from participating in or receiving the benefits of "the services, programs, or activities" of that entity.  42 U.S.C. § 12132.  Although the text of Section 504 and the ADA differ, courts frequently interpret them analogously.  *See Alston v. District of Columbia*, 561 F. Supp. 2d 29, 39 (D.D.C. 2008).

11

"To state a claim under Section 504 a plaintiff must show that he or she was discriminated against *solely* by reason of his or her handicap." *Jackson v. District of Columbia*, 826 F. Supp. 2d 109, 122 (D.D.C. 2011) (brackets, citation, and quotation marks omitted) (emphasis added), *aff'd* No. 11-7156, 2013 WL 500809 (D.C. Cir. Jan. 18, 2013). In addition, plaintiffs must show "something more than a mere failure to provide a FAPE" to state a plausible claim. *B.D. v. District of Columbia*, 66 F. Supp. 3d 75, 80 (D.D.C. 2014). To show "something more," a plaintiff must demonstrate "bad faith or gross misjudgment" on the part of the defendant. *Id.* Proving such bad faith or gross misjudgment "imposes an extraordinarily high burden on the plaintiff." *Alston v. District of Columbia*, 770 F. Supp. 2d 289, 300 (D.D.C. 2011) (citation and quotation marks omitted).

To state a claim under the ADA, a plaintiff must establish that: (1) she is a qualified individual with a disability; (2) the public entity denied her the benefits of or prohibited her from participating in the entity's services, programs or activities; and (3) the denial or prohibition was "by reason of" her disability. 42 U.S.C. § 12132; *see also Jackson*, 826 F. Supp. 2d at 125-26. "To show that the exclusion was by reason of his or her disability, an individual must establish that the disability actually played a role in the decision-making process and had a determinative influence on the outcome." *Jackson*, 826 F. Supp. 2d at 115 (brackets, citation, ellipses, and quotation marks omitted). "While the [IDEA] addresses incorrect or erroneous special education treatment, the ADA addresses discrimination against the disabled student. Thus, something more than a mere violation of the [IDEA] is necessary in order to show a violation of the ADA." *Id.* at 126 (citing *Alston*, 770 F. Supp. 2d at 298).

The Court should dismiss Plaintiffs' Section 504 and ADA claims because Plaintiffs have failed to allege any facts showing that A.U. was treated differently from her peers solely because

12

of her disability.  In addition, Plaintiffs have failed to allege any facts describing how DCPS's actions constitute bad faith or gross misconduct.  *See id.* at 122-23.  Indeed, the only mention of Section 504 and the ADA in the Complaint are in Count III, where Plaintiffs baldly allege that "[b]ecause of her disability, DCPS has provided A.U. significantly less educational time to which she was entitled by delaying the start of services until the school year was well underway, while there was no such delay for students without disabilities."  Compl. ¶ 26.  This "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to state a claim.  *Iqbal*, 556 U.S. at 678.  Moreover, Plaintiffs raise "nothing more than allegations of [IDEA] violations, which are appropriately remedied by appealing an administrative due process hearing . . . .", which, as discussed above, Plaintiffs failed to do.  *Jackson*, 826 F. Supp. 2d at 125; *see also Alston*, 770 F. Supp. 2d at 300 ("[T]he defendants' alleged misconduct . . . amounts to nothing more than garden-variety IDEA violations, which do not reasonably suggest the existence of bad faith or gross misconduct and do not give rise to a viable discrimination claim under the Rehabilitation Act.").

Simply put, Plaintiffs have not plead sufficient facts to show that A.U.'s disability played a motivating role in the alleged denial of FAPE or caused DCPS to act with bad faith or gross misjudgment.  Therefore, the Court should dismiss Count III of the Complaint.  *See B.D.*, 66 F. Supp. 3d at 80 (granting motion to dismiss ADA and Section 504 disability discrimination claims); *Hinson v. Merritt Educational Center*, 521 F. Supp. 2d 22, 31 (D.D.C. 2007) (dismissing ADA and Section 504 claims because plaintiff failed to allege that school treated son differently on the basis of his disability).

## IV. Count IV of the Complaint Should Be Dismissed Because Plaintiffs Fail to State a Claim Upon Which Relief May Be Granted and Failed to Exhaust Their Administrative Remedies.

In Count IV of the Complaint, Plaintiffs claim that OSSE failed to provide adequate oversight of DCPS to ensure DCPS complied with OSSE's decisions. Compl. ¶¶ 30-31. The last letter of decision OSSE issued was on October 17, 2017. *Id.* ¶ 10(e). Thus, with respect to the 2018-2019 and 2019-2020 school years, Plaintiffs have failed to state a claim upon which relief may be granted because the most recent letter of decision preceded those school years. Further, with respect to any claims related to the October 17, 2017 Letter of Decision, Plaintiffs are out of time because the IDEA's two-year statute of limitations has expired. *See* 20 U.S.C. §§ 1415(b)(6)(B), (f)(3)(C).

If Plaintiffs are claiming that OSSE denied A.U. a FAPE because DCPS did not implement A.U.'s IEP, that theory also fails. The IDEA "does not create a type of *respondeat superior* liability, imputing liability to SEAs for every local deviation from the State-created standards." *Carnwath v. Grasmick*, 115 F. Supp. 2d 577, 582 (D. Md. 2000); *see also Beard v. Teska*, 31 F.3d 942, 954 (10th Cir. 1994) (noting that SEA responsibility under the IDEA "does not turn every 'local educational agency' under the statute . . . into the agent of the 'State educational agency' as a matter of federal law, so that the latter automatically becomes liable for all transgressions of the former."). In addition, Plaintiffs' bare assertion that OSSE "effectively and systematically deprives parents of their right to prompt enforcement of the IDEA and its implementing regulations" is insufficient to raise their claim beyond the speculative level. *See K.W. v. District of Columbia*, 385 F. Supp. 3d 29, 42 (D.D.C. 2019) (dismissing claim asserting the plaintiff's "bare legal conclusion" that OSSE "effectively interferes with access to the civil

14

rights of disabled students such as K.W. and his parents" as "not sufficient to state a facially plausible claim for relief") (citing *Iqbal*, 556 U.S. at 678).

Moreover, Plaintiffs fail to identify the law under which they bring their claim that OSSE failed to "provide adequate oversight of DCPS compliance with OSSE [d]ecisions." Compl. ¶ 31; *see id.*, Count IV, ¶¶ 28-31. Accordingly, Count IV of the Complaint fails to comport with Fed. R. Civ. P. 8(a). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This is necessary to "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (ellipses omitted). The pleading must be more than "a blanket assertion[] of entitlement to relief." *Id.* n.3. Count IV fails to comply with these standards, and accordingly, the Court should dismiss it.

Finally, as discussed above, Plaintiffs have not filed an administrative due process complaint regarding the 2017-2018, 2018-2019, and 2019-2020 school years. Had Plaintiffs done so, they could have raised any purported IDEA violations committed by OSSE in that proceeding. As previously explained, Plaintiffs have failed to exhaust their administrative remedies and cannot show that exhaustion would be futile or inadequate. Accordingly, the Court should dismiss Count IV of the Complaint for failure to state a claim and as unexhausted.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss and dismiss the Complaint with prejudice.

Date:   January 24, 2020           Respectfully submitted,

                                   KARL A. RACINE
                                   Attorney General for the District of Columbia

15

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Veronica A. Porter*_____
VERONICA A. PORTER [412273]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001
(202) 724-6651
(202) 730-0644 (fax)
veronica.porter@dc.gov

*Counsel for Defendants*

16

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **A.U., A MINOR BY HIS PARENTS PAMELA AND TAALIB-DIN UQDAH** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | 19-CV-3512 (TJK) (GMH) |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) ) ) | |
| **Defendants.** | ) ) ) | |

**ORDER**

On consideration of Defendants' Motion to Dismiss the Complaint and the memorandum of points and authorities in support thereof, any opposition and reply thereto, and the entire record in this proceeding, it is this _____ day of _____, 2020, hereby

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE**.

_____
TIMOTHY J. KELLY
United States District Judge

Copies to:

Brian K. Gruber, Esq.  
*Counsel for Plaintiffs*

Veronica A. Porter  
Assistant Attorney General  
*Counsel for Defendants*